IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

IVELISSE FELICIANO, et. al.
    Plaintiffs

v.

PUERTO RICO ELECTRIC POWER
AUTHORITY, et. al.
    Defendants

Civil No. 06-1846 (SEC)

**OPINION AND ORDER**

Pending before the Court is Plaintiffs'[1] Motion for Reconsideration of this Court's Opinion and Order (Docket # 179) granting summary judgment in favor of Puerto Rico Electric Power Authority ("PREPA"), and the other co-defendants.[2] Defendants have duly opposed said motion (Docket # 191). After reviewing the parties' filings, and the applicable law, for the reasons explained below, this Court shall **DENY** Plaintiffs' Motion for Reconsideration.

**Factual and Procedural Background**

On January 27, 2009, this Court issued an opinion and judgment granting summary judgment in the above captioned controversy. The claim was deemed to have been filed after the one year statute of limitations for political discrimination actions had expired. See Docket # 179 at 6. Plaintiffs brought the present reconsideration, which defendant's opposed (Docket # 191), and this Court permitted a sur reply (Docket # 194).

---

[1] The primary Plaintiff in this action is Ivelisse Feliciano ("Felciano"). However her parent's Pedro Feliciano-Fernandez ("Feliciano-Fernandez") and Carmen Arocho-Portalatin ("Arocho-Portalatin") have also been included due to the alleged emotional damages they suffered as a result of the underlying controversy.

[2] Hector R. Rosario ("Rosario"), former Executive Director of PREPA, Ana T. Blanes ("Blanes"), PREPA Human Resources Director, Anibal Hernandez-Ramos ("Hernandez-Ramos"), former PREPA Personnel Office General Manager, and Alicia Reguero-Del Valle ("Reguero"), PREPA Classification and Retribution Department Manager.

**CIVIL NO. 06-1846 (SEC)**                                                                                                          Page 2

Plaintiffs' primary argument for reconsideration is their contention that this Court erred in not applying the continuing violation doctrine, and that evidence existed establishing that her cause of action was not time barred. See Docket # 182 at 6 & 9. Furthermore, this Court interprets Plaintiffs' reconsideration to aver that insufficient consideration was paid to claims of allegations of due process violations. Feliciano alleges that her right to due process was violated when PREPA failed to reinstate her to a career position until February, 2007, despite her alleged repeated petitions to this effect. Docket # 128-4 at 40 & 42. However, this argument will not be considered due to the fact that it was addressed in the Opinion and Order, and has only been mentioned in a cursory fashion in Plaintiffs' motion for reconsideration.

**Standard of Review**

FED. R. CIV. P. 59(e) allows a party, within ten (10) days of the entry of judgment, to file a motion seeking to alter or amend said judgment. The rule itself does not specify on what grounds the relief sought may be granted, and courts have ample discretion in deciding whether to grant or deny such a motion. Venegas-Hernández v. Sonolux Records, 370 F.3d 183, 190 (1st Cir. 2004) (citations omitted). In exercising that discretion, courts must balance the need for giving finality to judgments with the need to render a just decision. Id. (citing Edward H. Bolin Co. v. Banning Co., 6 F.3d 350, 355 (5th Cir. 1993)). Despite the lack of specific guidance by the rule on that point, the First Circuit has stated that a Rule 59(e) motion "must either clearly establish a manifest error of law or must present newly discovered evidence." F.D.I.C. v. World Univ., Inc., 978 F.2d 10, 16 (1st Cir. 1992) (citing Fed. Deposit Ins. Corp. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986)). Rule 59(e) may not, however, be used to raise arguments that could and should have been presented before judgment was entered, nor to advance new legal theories. Bogosonian v. Woloohojian Realty Corp., 323 F.3d 55, 72 (1st Cir. 2003).

**CIVIL NO. 06-1846 (SEC)**                                                          Page 3

**Applicable Law and Analysis**

Plaintiffs' main points of contention with regards to the summary judgment regard this Court's finding that equitable tolling does not apply to this action, and Plaintiffs' continued contention that there is a triable controversy regarding the facts leading to the conclusion that the action is time barred.  Since  no specific arguments have been made pertaining to the deficiency of the conclusions regarding the factual time-line of the case, this Court will only re-examine the applicability of equitable tolling, through the continuing violation doctrine.

When alleging equitable tolling, "[i]t is not enough to show that plaintiff is merely feeling the effects of some earlier discriminatory action." Muniz-Cabrero v. Ruiz, 23 F.3d 607, 610 (1st Cir. 1994). Rather, the continuing violation theory requires that a policy existed within the statutory period. Id. at 610.  A continuing violation does not apply where the policy is not ongoing, but a plaintiff's claims of continuing prejudice are merely the consequence of the initial adverse employment action. Id. at 611. Accordingly, for tolling purposes, even in the continuing violation analysis the focus is on the time of the discriminatory act, not its ramifications. Id. As stated in this Court's Opinion and Order, PREPA's 2005 administrative reorganization was a one-time occurrence, and thus, cannot be considered an ongoing policy or practice for the purposes of a systemic violation. Furthermore, the factual situation Plaintiff pleads is nearly identical Muniz-Cabrero, where the First Circuit upheld summary judgment. Just as in the aforementioned case, "Plaintiff has failed to proffer any evidence that [she] was treated differently than members of parties other than the NPP." Id.  Therefore, this Court once again concludes that equitable tolling does not apply to Feliciano's claims.

Additionally, Plaintiffs allege that Defendants failed to comply with FED. R. CIV. P. 56. However, they fail to cite specific deficiencies of Defendants' pleadings, or how these prejudiced her claim. Accordingly, this Court will disregard Plantiff's bald assertions with

**CIVIL NO. 06-1846 (SEC)**                                                                                         **Page 4**

regard to FED. R. CIV. P. 56. The Court also feels compelled to point out that Plaintiffs' opposing statement of material facts contains long swaths of repetitive language, which do not comply with Local Rule 56(c), and many crucial points of fact brought by Defendants were not opposed with record citations.

Local Rule 56(c) in part states that, "[t]he opposing statement shall admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts and unless a fact is admitted, shall support each denial or qualification by a record citation as required by this rule." Beginning with No. 41 of the Opposing Statement of Material Facts ("O.S.M.F."). Plaintiffs' enumeration does not correlate numerically with Defendants' Statement of Material Facts ("S.M.F.")(Docket # 128-2), imposing a heavy burden on the Court. See Docket # 139-2.

Despite the deficiencies, in the interest of justice, this Court accepted Plaintiffs' O.S.M.F. and read it in the light most favorable to them. However, Plaintiffs failed to object properly to Defendants S.M.F. at paragraphs 44-50 because their denials of Defendants facts lack any record citation whatsoever. These paragraphs are of crucial importance to the controversy, because they address the immediate reasons for PREPA's actions, and also describe the events that surrounded Plaintiff's transfer from a career to a trust employee. Furthermore, Plaintiffs' failure to oppose Defendants' factual assertions regarding the date of accrual of this action, proved fatal to their claim. Given the evidence before this Court, there is no reason to grant reconsideration regarding the conclusion that: "[o]n April 15, 2005, [Feliciano] received notice that an additional ramification of PREPA's reorganization was that her position had been re-categorized from the career to the trust service. See Docket # 182-3 at ¶ 48-49. In her deposition, she admitted that at this moment she felt discriminated against, and that this event constitutes the basis for her discrimination claim." See Docket # 179 at 4. Therefore, given that

the complaint was filed in August, 2006, it shall be considered time barred as fully discussed in the Opinion and Order.

Beyond the procedural reasons for granting summary judgment, Defendants outline substantive arguments regarding the non-discriminatory reasons for PREPA's personnel restructuring. See Docket 128-2, 13-30. Feliciano does not cite any other facts, besides the negative employment action to substantiate her claim of retaliation. See Docket 128-4 45 & 46. She has also failed to identify any protected activity that led to her position's change during PREPA's personnel restructuring. On the other hand, in light of the general reorganization, Defendants have offered a legitimate non-discriminatory reason for Feliciano's reclassification. They argue that the reclassification was solely based on the fact that her supervisor's position was reclassified to the trust service, as Head of Sub-Section. Defendants allege that all secretaries working for Sub-Section Heads were also reclassified in the same manner as Feliciano, regardless of their political affiliation, and that the decision to reclassify came as the result of recommendations from an independent business consultant.

This Court does not dispute that Feliciano may have enjoyed a preparatory right to her career position, which for a time may have been wrongly deprived from her. Nevertheless, as stated above, no continuing violation exists in the case at hand, and Plaintiffs filed their claim after the relevant statute of limitations had expired. Furthermore, Defendants have provided evidence that legitimate policy considerations, and not politically motivated or capricious administration decisions, motivated Feliciano's reclassification. See, e.g., S.M.F. ## 22-30 & 42-47. Accordingly, as this evidence has not been properly opposed, Plaintiffs' claims are reduced to bald assertions. With regards to Defendants' alleged political motivations, Plaintiffs have failed to produce specific facts, in suitable evidentiary form, wich could be sufficient to limn a trial-worthy issue. See Maldonado-Denis v. Castillo Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994).

Finally, while unrelated to the merits of this Court's granting of summary judgment, which was predicated on the absence of a continuing violation, it is telling to this Court that even as late as March 17th, 2009, PREPA currently administered by NPP sympathizers has not changed Feliciano's employment position. See Docket # 194 at 8.

**Conclusion**

For the reasons set herein, Plaintiffs' Motion for Reconsideration is **DENIED**.

**SO ORDERED.**

In San Juan, Puerto Rico, this 4th day of May, 2009.

*S/ Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge